UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

GERARD L. ROY,                                          Civil No. 09-50 (DSD/AJB)

        Plaintiff,

      v.                                                **REPORT AND RECOMMENDATION**

Assistant District Attorney SUE BROWN,
Judge MACKLIN, and SCOTT COUNTY,

        Defendants.

       Plaintiff, a prisoner of the State of Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983.  (Docket No. 1.)   Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP").  (Docket No. 3.)  By order dated January 13, (Docket No. 4), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $33.18, as required by 28 U.S.C. § 1915(b)(1).  Plaintiff has now paid his initial partial filing fee, (Docket No. 5), so this case can now proceed.

       The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court finds that two of the named Defendants are legally immune from being sued on the claims presented in Plaintiff's complaint, and that Plaintiff has failed to state an actionable claim for relief against the third named Defendant.  Therefore, this action must be dismissed pursuant to § 1915A(b).

## I. BACKGROUND

Plaintiff's current lawsuit stems from a Minnesota state criminal case that was brought against him in the state district court for Scott County, Minnesota. Plaintiff is attempting to sue an assistant district attorney who prosecuted that criminal case, Defendant Sue Brown, as well as the state court judge who presided in the case, Defendant Judge Macklin. Plaintiff is also attempting to sue Scott County itself.

Plaintiff alleges that on September 25, 2006, he appeared before Defendant Judge Macklin for sentencing in his Scott County criminal case. Defendant Brown allegedly appeared in the matter on behalf of the State, and informed the court that there was "no deal" made with regard to Plaintiff's sentencing, and that Plaintiff should be sentenced in accordance with Minnesota's sentencing guidelines. It appears that Plaintiff disagreed with Defendant Brown's assertion, but Defendant Judge Macklin nevertheless imposed a 24-month sentence in accordance with the sentencing guidelines.

Plaintiff further alleges that several months after he was sentenced in his state criminal case, he again appeared before Defendant Judge Macklin, and on that occasion Judge Macklin allegedly acknowledged that there had been a pre-sentencing plea agreement pertaining to Plaintiff's sentence. Defendant Judge Macklin purportedly told Plaintiff that if he had been aware of the plea agreement on the day when Plaintiff's sentence was imposed, he would have allowed Plaintiff to withdraw his guilty plea in the case. Plaintiff has not explained whether he was then allowed to withdraw his plea, or whether he was re-sentenced, or what else happened, (if anything), in his criminal case.

Plaintiff is now attempting to sue Defendants for allegedly violating his constitutional rights in connection with his sentencing in his state criminal case. He seems to be claiming

that he was deprived of his Sixth Amendment right to a jury trial, because he was not allowed to withdraw his guilty plea at his original sentencing hearing in September 2006. Plaintiff is seeking a judgment against the named Defendants, which would award him $313,682.00 in compensatory damages, plus an additional amount for punitive damages.

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees and a government entity, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental agencies and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If a prisoner-plaintiff has failed to plead a claim on which relief can be granted, or if the named defendants are immune from being sued, the action must be summarily dismissed.  28 U.S.C. § 1915A(b).  In this case, the Court finds that Plaintiff's complaint must be summarily dismissed, in its entirety, because two of the named Defendants, Brown and Macklin, are legally immune from the claims that Plaintiff is attempting to bring against them, and Plaintiff has failed to state an actionable claim against Defendant Scott County.

A.  Claims against Defendant Judge Macklin

Plaintiff's claims against Defendant Judge Macklin are clearly barred by the doctrine of judicial immunity.  It is well settled, under both federal and state law, that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions.  Pierson v. Ray, 386 U.S. 547, 553-54 (1967);

Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991);

Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986).  See also Hoppe v. Klapperich, 224

Minn. 224, 234 (1947) ("'it is unquestionable, and has been from the earliest days of the

common law, that a judicial officer cannot be called to account in a civil action for his

determinations and acts in his judicial capacity, however erroneous or by whatever motives

prompted'"), quoting Stewart v. Case, 53 Minn. 62, 66 (1893).  There are only two sets of

circumstances in which the doctrine of judicial immunity can be overcome – (1) if the judge

is being sued for actions that were not taken in the judge's judicial capacity, and (2) if the

judge is being sued for actions taken "in the complete absence of jurisdiction." Mireles, 502

U.S. at 11-12.

Here, Plaintiff is attempting to sue Judge Macklin based on acts or omissions that

occurred while he was serving, in his judicial capacity, as the presiding judge in Plaintiff's

state criminal case; and there are no allegations suggesting that Judge Macklin acted "in

the complete absence of jurisdiction" over that case.  Therefore, Plaintiff's claims against

Judge Macklin are clearly barred by the doctrine of judicial immunity.

B.  Claims against Defendant Brown

It is also well settled that state prosecutors are immune from civil rights claims that

are based on actions taken in the performance of their prosecutorial duties.  Van De Kamp

v. Goldstein, No. 07-854 (Jan. 26, 2009), 2009 WL 160430 at * 5-6;  Imbler v. Pachtman,

424 U.S. 409, 427-428 (1976); Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir.

1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied,

506 U.S. 1053 (1993).  Prosecutorial immunity specifically applies to all acts or omissions

by a prosecutor "in initiating a prosecution and in presenting the State's case." Imbler, 424

U.S. at 431.  "If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity."  Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8ᵗʰ Cir.), cert. denied, 519 U.S. 867 (1996).

It is readily apparent that Defendant Brown is absolutely immune from Plaintiff's current civil rights claims.  Plaintiff is attempting to sue Brown for acts that she allegedly performed while prosecuting the charges against Plaintiff in his state criminal case. Because Defendant Brown is being sued for purely prosecutorial activities, she is clearly entitled to prosecutorial immunity in this case.  See id. ("[a]bsolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process").

C.  Claims against Defendant Scott County

Finally, the Court finds that Plaintiff's claims against Defendant Scott County must be dismissed pursuant to § 1915A(b), because Plaintiff has not pled any factual allegations that could support any claim against the County itself.

To state an actionable claim against a named defendant, a plaintiff's complaint must allege a set of historical facts which, if proven true, would entitle the plaintiff to some legal redress against that defendant, based on some settled legal principle or doctrine.  While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).  See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8ᵗʰ Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions");

5

Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state a civil rights claim, as Plaintiff apparently is attempting to do here, a complaint allege facts, which if proven true, would show that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

Plaintiff's present complaint fails to state an actionable civil rights claim against Defendant Scott County, because there are no factual allegations describing what the County itself allegedly did (or failed to do) that purportedly violated Plaintiff's constitutional rights. Indeed, Scott County is never even mentioned in any of the substantive allegations of Plaintiff's submissions, except to identify the venue of his state criminal case. There certainly are no allegations describing any specific acts or omissions by the County itself that purportedly violated Plaintiff's constitutional rights.

It appears that Plaintiff may be seeking to hold Defendant Scott County vicariously liable for some allegedly wrongful act or omission by one or more of its alleged agents or employees, (presumably Defendants Macklin and Scott). Such a claim, however, would not be actionable, because governmental entities cannot be held liable under the doctrine

of respondeat superior in civil rights cases.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  To state an actionable civil rights claim against a government entity, such as Scott County, a complaint must include specific factual allegations showing how that particular entity itself directly caused a violation of the plaintiff's constitutional rights.  Because Plaintiff's pleading does not include any such allegations with regard to Scott County, he has failed to state any actionable civil rights claim against the County itself.

## III.  CONCLUSION

For the reasons discussed above, the Court concludes that Defendant Judge Macklin and Defendant Sue Brown are legally immune from all of the claims that Plaintiff is attempting to bring against them in this case, and that Plaintiff has failed to an actionable claim for relief against Defendant Scott County.[1]  Therefore, this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b).

Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP must be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[2]  To date, he has paid only $33.18, so he still owes $316.82.  Prison or jail

---

[1]  The Court further notes that this action may be barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).  Heck precludes a prisoner from bringing a civil rights action if a judgment in his favor would "call into question the lawfulness of [his] conviction or confinement."  Id. at 483.  Based on the limited information furnished in Plaintiff's current submissions, the Court cannot fully ascertain whether this action is barred by Heck.  It is clear, however, that this action must be summarily dismissed for the reasons discussed herein.

[2]  Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states

officials will have to deduct that amount from Plaintiff's institutional trust account and pay

it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Finally, the

Court finds that because Plaintiff has failed to state any viable claim for relief, the dismissal

of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

2.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely

$316.82, in accordance with 28 U.S.C. § 1915(b)(2); and

4.  The dismissal of this action should be treated as a "strike" against Plaintiff for

purposes of 28 U.S.C. § 1915(g).


Dated: February 10, 2009

　　　　　　　　　　　　　　　　　　　　s/ Arthur J. Boylan
　　　　　　　　　　　　　　　　　　　　ARTHUR J. BOYLAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

that prisoners "shall be required to pay the full amount of the filing fee."   In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 25, 2009.